IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TYLER JAMES SMITH                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:15-cv-337-JCG

MICHAEL TURNER, *Warden*, et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

BEFORE THE COURT is the Complaint filed by Plaintiff Tyler James Smith, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC). Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants Marshall Turner, Gary Holton, and Sherry Green have filed a Motion for Summary Judgment, alleging that Plaintiff failed to exhaust available administrative remedies before filing suit in federal court. (ECF No. 26).

An omnibus hearing, which also operated as a *Spears* hearing,[1] was held on August 15, 2016. Plaintiff was ordered to file a Response to Defendants' Motion for Summary Judgment by September 6, 2016. Plaintiff did not do so. An Order to Show Cause then issued, requiring Plaintiff to respond to the Motion for Summary Judgment by December 1, 2016. Plaintiff signed for and received the Order to Show Cause (ECF No. 33) but still did not file a Response. Plaintiff did not fully exhaust MDOC's Administrative Remedy Program (ARP) with respect to his claims before seeking relief in federal court, and his claims must be dismissed.

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

DISCUSSION

A.  Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

B.  Plaintiff Failed to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial

consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust the available prison grievance process before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

MDOC has implemented an ARP through which prisoners may seek formal review of a grievance relating to any aspect of incarceration. *See* Miss. Code Ann.§ 47-5-801 (granting MDOC authority to adopt an administrative review procedure). The ARP has been summarized by this Court as follows:

> The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by

> using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. Once an inmate's request for remedy is accepted into the procedure, [he or she] must use the manila envelope that is furnished with his/her Step One response to continue the procedure. A final decision will be made by the Superintendent, Warden or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.

*Stewart v. Woodall*, No. 2:11-cv-207-KS-MTP, 2012 WL 2088883, *2 (S.D. Miss. May 2, 2012)(internal citation omitted).

Defendants have provided the affidavit of Joseph Cooley, custodian of the ARP records at the South Mississippi Correctional Institution. Cooley avers:

> We have no record that Offender Tyler James Smith 155793, submitted any ARP grievance through the Administrative Remedy Program regarding being assaulted by Offender Christopher Hutcheson at SMCI in February 2015, or regarding the alleged failure of officials at SMCI to protect him from Offender Hutcheson.
>
> We have no record that Offender Smith filed any ARP grievance regarding any matter at SMCI.

(ECF No. 26-1).

Plaintiff did not respond to Defendants' Motion for Summary Judgment. He has not rebutted the evidence indicating that he did not properly exhaust the available prison grievance process before filing suit in federal court. Plaintiff's suit is therefore barred by 42 U.S.C. § 1997e(a) and must be dismissed.

CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies

(ECF No. 26) is **GRANTED**. All of Plaintiffs claims are dismissed. A separate final

judgment will be entered as required by Federal Rule of Civil Procedure 58.

    **SO ORDERED**, this the 9th day of February, 2017.

*s/ John C. Gargiulo*
_____

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE